**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL JAFFE, on behalf of Himself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-13668 |
| v. | ) | DuPage County Case No. 2026LA001328 |
| TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., and DOES 1-20, | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441, 1446, and 1453, Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. remove the above-titled action from DuPage County Circuit Court to the United States District Court for the Northern District of Illinois. This Court has subject matter jurisdiction over this action based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), and the Class Action Fairness Act, 28 U.S.C. § 1332(d). In support of removal, Defendants state as follows:

## PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. On September 17, 2026, Plaintiff Michael Jaffe filed a putative class action complaint against Defendants captioned *Jaffe v. Toyota Motor Sales, U.S.A., Inc., et al.*, No. 2026LA001328, in the Circuit Court of the 18th Judicial Circuit for DuPage County, Illinois. A copy of the Complaint is attached as **Exhibit A.**

2. In his Complaint, Plaintiff asserts two claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, *see* Compl. ¶¶ 81–104,

alleging Defendants failed to disclose a defective inverter assembly in certain 2025 and 2026 Toyota Camry Hybrid vehicles and 2026 Toyota Corolla Cross Hybrid vehicles, *id.* ¶¶ 23, 28, 86.

3. Plaintiff seeks to assert these claims on behalf of himself and a putative class of purchasers to whom an impacted car was "sold as new at a Toyota dealer in Illinois, at any time in the year 2025." *Id.* ¶ 74.

4. Plaintiff seeks, for himself and the putative class, injunctive relief requiring Defendants to "implement an inspection and repair program to assess and address consequential damage to affected Cars," *id.* ¶ 94, along with "actual, economic, compensatory, exemplary and punitive damages," and "attorneys' fees," *id*. at 19, Prayer for Relief.

5. A defendant may remove a "civil action … of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Because DuPage County is within this Court's judicial district, this Court "embrace[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a). Venue is also proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a) because the United States District Court for the Northern District of Illinois is the federal judicial district and division that covers the Circuit Court of DuPage County, Illinois, where this action was originally filed.

**<u>THIS COURT HAS DIVERSITY JURISDICTION</u>**

7. Federal courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

8. Although Defendants deny liability for Plaintiff's claims, this action involves a matter in controversy that exceeds the sum of $75,000, exclusive of interest and costs, given the allegations in Plaintiff's Complaint.

9. Plaintiff alleges that he "overpaid" for his car, that the value of his "warrant[y] and service agreement[]" was diminished, that his car suffered "consequential Car damage," and that he was "deprived of use and enjoyment of [his] vehicle[]." Compl. ¶¶ 89–92. Plaintiff seeks all "actual, economic, [and] compensatory" damages for these injuries. *Id.* at 19, Prayer for Relief.

10. Plaintiff requests injunctive relief requiring Defendants to "implement an inspection and repair program to assess and address consequential damage to affected Cars" and preventing Defendants "from perpetrating future like misconduct." *Id.* ¶ 94. *See also* Compl. at 19, Prayer for Relief.

11. Plaintiff further requests punitive damages, which are available under the ICFA. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) ("Punitive damages are available under … the Illinois Consumer Fraud and Deceptive Business Practices Act."). "If punitive damages are available, the court has subject-matter jurisdiction unless it is legally certain that," including an award of punitive damages, "the plaintiff cannot recover the jurisdictional amount." *Casey-Beich v. United Parcel Serv., Inc.*, 295 Fed. App'x 92, 94 (7th Cir. 2008) (citing *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008)).

12. Here, it is not "legally certain" that Plaintiff cannot recover $75,000 including punitive damages. Courts in Illinois have affirmed punitive damages awards under the ICFA for multipliers of more than five times the actual damages suffered. *See Keeling*, 660 F.3d at 275 (collecting cases; reversing district court's remand of ICFA case).

13. As such, the amount-in-controversy requirement has been satisfied.

14. According to Plaintiff's Complaint, Plaintiff is a citizen of the State of Illinois for purposes of diversity jurisdiction. *See* Compl. ¶ 6.

15. Defendant Toyota Motor Sales, U.S.A., Inc. is a corporation organized under the laws of California with its principal place of business in Plano, Texas. Compl. ¶ 7. It is therefore a citizen of the States of California and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business.").

16. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is a corporation organized under the laws of Kentucky with its principal place of business in Plano, Texas. Compl. ¶ 9. It is therefore a citizen of the States of Kentucky and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

17. Complete diversity of citizenship therefore exists between the parties. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## THIS COURT HAS JURISDICTION UNDER CAFA

18. Federal courts have original jurisdiction over civil actions under the Class Action Fairness Act, 28 U.S.C. § 1332(d), where: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) the "number of members of all proposed plaintiff classes in the aggregate" is at least 100, 28 U.S.C. § 1332(d)(5)(B).

### A. The Parties Satisfy CAFA's Minimal Diversity Requirement.

19. CAFA's "minimal diversity" requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. Minimal diversity exists here because Plaintiff and Defendants are citizens of different states: Defendant Toyota Motor Sales, U.S.A., Inc. is a citizen of California and Texas, Defendant Toyota Motor Engineering & Manufacturing North America, Inc., is a citizen of Kentucky and Texas, and Plaintiff is a citizen of Illinois. *Supra* ¶¶ 14–16; Compl. ¶¶ 6–7, 9.

**B. This Case Satisfies CAFA's Amount-in-Controversy Requirement.**

21. CAFA requires "the matter in controversy [to] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated to determine" whether that threshold is met. 28 U.S.C. § 1332(d)(6). This calculation can be based on either "what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 580 (7th Cir. 2017).

22. "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Drs. Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (reversing district court's remand in CAFA case). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Roppo*, 869 F.3d at 579, quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (7th Cir. 2014).[1]

23. Although Defendants deny liability for Plaintiff's claims, for purposes of CAFA jurisdiction, it is apparent that the amount in controversy here exceeds $5,000,000.

---

[1] To the extent there is any dispute as to the amount in controversy, Defendants expressly reserve the right to submit evidence substantiating their jurisdictional allegations. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("A proponent of federal jurisdiction must … prove those jurisdictional facts" only "if material factual allegations are contested.").

24. Plaintiff seeks to represent a class of every purchaser of an impacted car sold in the state of Illinois. Compl. ¶ 74. Defendants believe that over 1,500 impacted cars were sold in Illinois.

25. In his Complaint, Plaintiff seeks, on behalf of himself and all putative class members, all damages "permitted by applicable law, including any actual, economic, compensatory, exemplary and punitive damages." Compl. at 19, Prayer for Relief.

26. Plaintiff alleges he and other putative class members "overpaid for their defective Cars," that the "associated warranties and service agreements are worth less, and/or were worth less at the time of sale," that they suffered "consequential Car damage," and "were deprived of use and enjoyment of their vehicles" due to the alleged defect. *Id.* ¶¶ 89–92, 103.

27. Plaintiff also requests an injunction requiring Defendants to "implement an inspection and repair program to assess and address consequential damage to affected Cars," and asks that Defendants be "enjoined from perpetrating future like misconduct." *Id.* ¶ 94. *See also id.* ¶ 103.

28. Plaintiff further requests punitive damages, which are available under the Illinois Consumer Fraud Act and can involve damages multipliers of over five times the actual damages suffered. *See supra* ¶ 11; *Keeling*, 660 F.3d at 275 (collecting cases showing "[c]ourts in Illinois have affirmed awards for fraud or violations … that reflect higher multipliers" than five times the amount of actual damages; reversing district court's remand of ICFA case to state court).

29. It is not "legally impossible" that class-wide actual damages, the cost of complying with Plaintiff's proposed injunctive relief, and a potential award of punitive damages would exceed $5 million. *See Roppo*, 869 F.3d at 580 (in CAFA case, amount in controversy can be based on either "what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant.").

30. The allegations and claims for relief in Plaintiff's Complaint put more than the jurisdictional amount of $5 million at issue in this case.

**C. This Case Satisfies CAFA's Numerosity Requirement.**

31. CAFA's requirement that the putative class constitute at least 100 members, 28 U.S.C. § 1332(d)(5)(B) (no federal jurisdiction where "the number of members of all proposed plaintiff classes in the aggregate is less than 100"), has been satisfied.

32. Plaintiff seeks to represent every individual who purchased an allegedly defective new Toyota Camry Hybrid or Toyota Corolla Cross Hybrid in Illinois from January 1, 2025, through December 31, 2025. *See* Compl. ¶ 74. Defendants believe that over 1,500 impacted cars were sold in Illinois. *Supra* ¶ 24.

33. Because more than 100 individuals purchased a new Toyota Camry Hybrid or Toyota Corolla Cross Hybrid in Illinois during the proposed class period, CAFA's numerosity requirement is satisfied here.

## DEFENDANTS' REMOVAL IS PROCEDURALLY PROPER

34. A defendant must remove litigation to federal court within thirty days from the date on which it was served with process. *See* 28 U.S.C. § 1446(b).

35. Defendant Toyota Motor Sales, U.S.A., Inc. was served with a summons in this litigation on October 7, 2026. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. was served with a summons in this litigation on October 19, 2026. Therefore, this Notice of Removal is timely.

36. In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a copy of "all process, pleadings, and orders served upon" Defendants in the litigation.

37. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, Defendants' Notice of Filing of Notice of

Removal will be filed in the Circuit Court of DuPage County, Illinois and will be served upon all parties.

WHEREFORE, Defendants give notice that the above-captioned litigation has been removed from the Circuit Court of DuPage County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

**BARTLIT BECK LLP**

By: */s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Tulsi E. Gaonkar
54 W. Hubbard St., Suite 300
Chicago, IL 60654
312-494-4400
kaspar.stoffelmayr@bartlitbeck.com
tulsi.gaonkar@bartlitbeck.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following on this 4 day of November, 2026 via overnight mail:

Ilan Chorowsky
Mark Bulgarelli
FAIRBRIDGE LAW LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
773-915-1000
ilan@fairbridgelaw.com
mark@fairbridgelaw.com

*Attorneys for Plaintiff*

By: */s/ Kaspar J. Stoffelmayr*

*One of the Attorneys for Defendants*