**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL JAFFE, on behalf of Himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., and DOES 1-20,<br><br>Defendants. | ) | Case No. 1:26-cv-13668<br><br>Judge Sara L. Ellis |

**TOYOTA'S MOTION TO DISMISS**

Defendants Toyota Motor Sales, USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota") move to dismiss Plaintiff Michael Jaffe's Complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiff purports to assert two claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, both of which fail as a matter of law for two independent reasons. First, Plaintiff alleges only supposed omissions that could not, under Illinois law, be the legal cause of his alleged injuries. And second, Plaintiff does not allege any recoverable damages under the ICFA.

## BACKGROUND

Plaintiff's Complaint concerns a recall of certain Toyota vehicles manufactured during an approximately three-month period with an "inverter assembly" that Toyota's supplier delivered with a bolt that could become loose. Compl. ¶¶ 30–33. Toyota undertook a voluntary recall to inspect and, if necessary, replace the inverter assembly in these cars. *Id.* ¶¶ 46–47.

Plaintiff alleges that in December 2025 he purchased one of the affected vehicles, a new Toyota Camry, from a dealer in Elmhurst, Illinois. *Id.* ¶ 62. Plaintiff does not allege any communications directly with Toyota, much less that Toyota told him anything misleading about his Camry. Rather, Plaintiff complains that Toyota did not reach out and affirmatively tell him before the purchase about the potential problem with the inverter assembly or that his car would be recalled. *Id.* ¶¶ 86–102. Plaintiff says that he learned of the recall in February 2026 and that by August 2026 Toyota had repaired his car. *Id.* ¶¶ 63, 65.

Plaintiff admits that Toyota provided him with free loaner vehicles while he was waiting for his Camry to be repaired. *Id.* ¶ 64. He does not allege that the loaner vehicles were in any way inferior to his Camry or that he incurred any out-of-pocket costs in connection with the recall of his Camry. Instead, Plaintiff asserts for damages that he was "deprived of the enjoyment and use of his" Camry while he drove the loaners, *id.* ¶ 67; that, at the time of purchase, his Camry was not worth what he paid for it due to the problem with the inverter assembly, *id.* ¶¶ 69, 72; and that his "warranty and service agreement" lost value, *id.* ¶ 71. Plaintiff also speculates that his Camry may have been harmed by sitting on the dealer's lot while Plaintiff was driving the loaners. *Id.* ¶ 70 (describing harm that "may" have occurred).

Plaintiff filed his Complaint in Circuit Court in DuPage County, Illinois on September 15, 2026, purporting to represent a class of car owners who purchased vehicles subject to the recall in Illinois. *See id.* ¶ 74. He asserts one cause of action under the ICFA for alleged "deceptive conduct" (Count I) and a second cause of action under the ICFA for alleged "unfair conduct" (Count II).

Toyota timely removed the case to this Court on November 4, 2026, based on diversity of citizenship and under the Class Action Fairness Act. *See* ECF No. 1.

## ARGUMENT

The ICFA permits a private action only by a plaintiff who has suffered "actual damage" that was the "result of a violation" of the statute. 815 ILCS 505/10a(a). Here, Plaintiff's claims fail both requirements. Having alleged no communication at all between himself and Toyota, any alleged omissions by Toyota regarding the inverter assembly in Plaintiff's Camry cannot be the legal cause of his claimed injuries. And even so, Plaintiff's alleged injuries do not satisfy the statutory requirement of "actual damage."

### I. No Alleged Omission by Toyota Caused Plaintiff's Claimed Injuries.

Plaintiff does not allege that either Defendant made any statement to him, far less a misleading statement. His lawsuit is based entirely on an alleged omission: that Toyota supposedly violated the ICFA by "fail[ing] to disclose" that his car carried a potentially defective inverter assembly at the time of purchase. Compl. ¶¶ 86–87. *See also id.* ¶ 102 (alleging Toyota "failed to cause the defect to be disclosed to Plaintiff … at the time of sale"). But "[a]n 'omission' under the ICFA is an *omission from a communication*, not a general failure to disclose." *Darne v. Ford Motor Co.*, 2015 WL 9259455, at *9 (N.D. Ill. Dec. 18, 2015) (emphasis added). The statute does not, as a matter of law, permit Plaintiff's claim based on free-floating alleged omissions unconnected to specific statements that the omissions could render misleading.

In *De Bouse v. Bayer AG*, 922 N.E.2d 309 (Ill. 2009), the Illinois Supreme Court held that to satisfy the statutory proximate cause requirement under 815 ILCS 505/10a, "the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause." *Id.* at 316. There, the plaintiff purchased and used a cholesterol-lowering drug from the defendant three times before it was withdrawn from the market due to previously undisclosed side effects. *Id.* at 312. The Illinois Supreme Court held that the

plaintiff failed to state a claim for a deceptive omission because she "ha[d] not alleged any … statements or communication from Bayer," nor that she "rel[ied] on any statements from Bayer in purchasing" the drug. *Id.* at 555. Regardless of whether a deceptive statement or omission is alleged, a plaintiff "cannot maintain an action under the [ICFA] when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant." *Id.*

In the years since, courts have consistently required plaintiffs to allege that they received relevant statements from the defendant to state a claim for a deceptive omission under the ICFA. *See Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 824 (7th Cir. 2018) (where plaintiffs alleged defendant "deliberately conceal[ed] [a] data breach," no actionable ICFA claim because they did not "actually identify a deceptive guarantee about data security"); *Kampmann v. Procter & Gamble Co.*, 699 F. Supp. 3d 678, 692 (C.D. Ill. 2023) (where complaint failed to "clearly identify a communication which contained a misrepresentation or material omission," plaintiff "failed to plead a cognizable ICFA claim"); *Sherwin v. Samsung Elecs. Am., Inc.*, 2018 WL 11216896, at *3 (N.D. Ill. Mar. 2, 2018) (ICFA claim for omission about defective remote control not actionable because "nowhere in her complaint does [plaintiff] allege that she reviewed any … material [from defendant] in advance of [her] purchase"); *Guajardo v. Skechers USA, Inc.*, 503 F. Supp. 3d 746, 755 (C.D. Ill. 2020) (plaintiff's allegation that defendant "failed to disclose the defect is insufficient to state an ICFA claim because she has not pointed to a direct statement with a material omission").

Multiple courts in the Northern District of Illinois have applied this principle to bar claims materially identical to Plaintiff's claims here. For example, in *Darne*, 2015 WL 9259455, at *9, the plaintiff brought an ICFA claim alleging that the defendant failed to inform purchasers of defects "inherent" to certain car engines. The court dismissed the case because the plaintiff "failed

to identify any communication with Ford in which Ford omitted to disclose the defective engine." *Id.* at *10. So too in *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020), where the plaintiff alleged that the defendant failed to disclose defects in the transmission, but "d[id] not identify any particular direct statements from [d]efendant that contain[ed] material omissions," and therefore "fail[ed] to state an ICFA claim based on a 'material omission' theory."

These cases are directly on point. Plaintiff has not alleged a single statement made by either Defendant that should have disclosed the defect or was made deceptive due to the alleged omission, much less that he saw and relied on such a statement before purchasing his car.[1] In the absence of any alleged "statements or communications" from Toyota to the Plaintiff, *De Bouse*, 922 N.E.2d at 316, Plaintiff fails to plead that any of the harm he alleges was the "result of a violation" of the statute. 815 ILCS 505/10a(a). For this reason alone, his Complaint must be dismissed in its entirety. *Darne*, 2015 WL 9259455, at *11; *O'Connor*, 477 F. Supp. 3d at 720.

## II. Plaintiff Does Not Allege "Actual Damages" Under the ICFA.

Plaintiff's claims also fail because the statutory requirement of "actual damages," 815 ILCS 505/10a, demands an ascertainable pecuniary loss.

"The actual damage element of a private ICFA action requires that the plaintiff suffer 'actual pecuniary loss.'" *Kim v. Carter's, Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (internal citation omitted); *see also Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647–48 (7th Cir. 2019) (plaintiff "must plausibly plead that [alleged misconduct] caused her to suffer actual damages, meaning pecuniary loss."); *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 2016 IL App (2d) 151053, ¶ 22 (ICFA "provides a remedy for purely economic

[1] ICFA claims sounding in fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), regardless whether the plaintiff calls the alleged conduct "deceptive" or "unfair." *See Camasta v. Jos A. Bank Clothiers, Inc.*, 761 F.3d 732, 736–38 (7th Cir. 2014).

injuries," which "must be calculable and 'measured by the plaintiff's loss.'"); *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶¶ 41–42 (same); *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009) (same). Noneconomic injuries are recoverable only where the plaintiff has also suffered economic loss, *id.* at 1054; *Flores*, 2023 IL App (1st) 230140 at ¶¶ 42–43, since the ICFA permits "any other relief which [the court] deems proper" only in addition to actual damages. *Holtmann v. Citizens Cmty. Bank*, 2025 WL 2814414, at *3 (Ill. App. Ct. Oct. 2, 2025).[2]

Here, Plaintiff does not allege any pecuniary loss cognizable under the ICFA.

***First,*** the Complaint does not allege that the defect caused Plaintiff to incur any out-of-pocket costs. To the contrary, he acknowledges that Toyota repaired his car and provided him with loaners while it was being repaired. He was not charged anything for these services. *See* Compl. ¶¶ 64–65.

***Second,*** Plaintiff's allegation that he overpaid for his car, *id.* ¶¶ 69, 89, 103, is insufficient to establish economic damages. As the Seventh Circuit held in the context of an overpayment claim under the ICFA, "actual loss" occurs "if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Kim*, 598 F.3d at 365 (citing *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 628 (2008) (internal citation omitted)).

---

[2] While one court in this district has, contrary to the Illinois case law cited above, permitted a claim for noneconomic damages even where a plaintiff suffered no pecuniary loss, its holding was expressly limited to ICFA claims based on "unfairness" rather than deceptive conduct. *See Duarte v. Convergent Outsourcing, Inc.*, 2018 WL 3427910, at *5 (N.D. Ill. July 16, 2018) (distinguishing the Seventh Circuit's *Kim* decision). Both of Plaintiff's claims here depend on the allegation that Toyota's omissions deceived Plaintiff. In any event, other federal courts have declined to follow the reasoning of *Duarte*, recognizing that decisions of the Illinois Appellate Court provide the correct interpretation of Illinois state law. *See, e.g.*, *Clark v. Receivables Mgmt. Partners, LLC*, 2022 WL 767149, at *5 (N.D. Ill. Mar. 14, 2022), *Hubbard v. Google LLC*, 2025 WL 82211, at *8 n.16 (N.D. Cal. Jan. 13, 2025).

Plaintiff admits that Toyota repaired the defect, *see* Compl. ¶ 65, and does not allege that his car is presently worth less than it would have been absent the (now-remedied) defect. As a result, Plaintiff has received the benefit of his bargain with Toyota. *Cf. Kelly v. Sears Roebuck & Co.*, 308 Ill. App. 3d 633, 645 (1999) (plaintiff failed to state fraud claim because "[a]ny injury that plaintiff may have suffered as a result of [the] fraud was redressed" when defendant remedied the defect). In other words, because Plaintiff "is in the same position as [he] was in before" Toyota's alleged omission, any "damages … would not compensate [him] for any actual loss but instead would constitute an improper windfall." *Burkhart*, 2016 IL App (2d) 151053, ¶ 23.

***Third,*** Plaintiff alleges his warranty "diminished in value" while he waited on repairs to his car. Compl. ¶¶ 71, 90. But during that entire time he was driving loaner cars (at no cost to him) provided by Toyota. *Id.* ¶ 64. He does not allege that the warranty protection he received with the loaners was any worse than he was entitled to under the Camry's new vehicle limited warranty and service agreement. Again, Plaintiff was in no sense deprived of the "benefit of [his] bargain" by paying "more than the actual value of the property." *Kim*, 598 F.3d at 365. Plaintiff received exactly the benefits of the warranty and service plan that he paid for. *Cf. Bank of N.Y. Mellon v. Mar*, 2017 WL 1162989, at *5 (Ill. App. Ct. Mar. 27, 2017) (where change in contract did not carry "additional fines or fees," no actual damage under the ICFA).

***Fourth,*** Plaintiff's alleged non-financial "harms" are not recoverable damages in the absence of pecuniary harm. His allegation that he was "deprived of the enjoyment and use of his new [c]ar," Compl. ¶ 67, or any inconvenience or frustration resulting from his use of loaner vehicles, *id.* ¶ 64, are plainly non-economic injuries that are not compensable under the ICFA without an accompanying economic harm. *Morris*, 911 N.E.2d at 1054 (damages such as

"emotional distress, inconvenience, and aggravation" not recoverable absent "actual damages"); *Clark*, 2022 WL 767149, at *6 (collecting cases).

***Lastly,*** Plaintiff alleges a variety of hypothetical harms that "may" have occurred while his car awaited repair: that the brakes and undercarriage "may develop rust," that "rubber components and engine oil may degrade," and that the exterior "may (and is suspected to) incur ultraviolet light [and] weather damage." Compl. ¶ 70. He does not allege that this damage *actually occurred*, much less that he incurred costs to repair it. Such speculative alleged harm are not cognizable under the ICFA. *See Yu v. Int'l Bus. Machs. Corp.*, 732 N.E.2d 1173, 1177 (Ill. App. Ct. 2000) (allegations that conduct "may cause potential harm … constitute conjecture and speculation" and are not cognizable under the ICFA).

Plaintiff's failure to allege recoverable damages under the ICFA means his claims must be dismissed. *See Kim*, 598 F.3d at 364–366 (affirming dismissal if ICFA claim where plaintiff failed to allege recoverable damages).

## CONCLUSION

For all of these reasons, Plaintiff has failed to state a claim upon which relief can be granted. The Court should dismiss his Complaint under Fed. R. Civ. P. 12(b)(6).

Date: November 11, 2026

Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*

Kaspar J. Stoffelmayr
Tulsi E. Gaonkar
Rachel E. Smith
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
tulsi.gaonkar@bartlitbeck.com
rachel.smith@bartlitbeck.com

*Attorneys for Defendants Toyota Motor Sales, USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois and was served by electronic mail and overnight FedEx on Plaintiff's counsel.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr